UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

AUDRAIN JONES,

    Petitioner,

    v.      CAUSE NO. 3:22-CV-870-RLM-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Audrain Jones, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-21-7-2) at the Indiana State Prison in which a disciplinary hearing officer found him guilty of assaulting staff in violation of Indiana Department of Correction Offense 117 and sanctioned him with a loss of one hundred days eighty days earned credit time.

Mr. Jones argues that he is entitled to habeas relief because he didn't get enough notice of the disciplinary charges against him. He asserts that he received notice of the conduct report on July 1, 2021, and that the hearing occurred less than twenty-four hours later on July 2. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Wolff v. McDonnell, 418 U.S. 539, 564 (1974). "At least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare." Id. The Warden argues that, although Mr. Jones didn't receive a conduct report until July 1,

he knew that he would be issued a conduct report for assault when correctional staff escorted him to a security management cell on June 30, shortly after the assault occurred. The Warden further argues that any deficiency with respect to notice would amounts to harmless error. To the Warden's point, Mr. Jones didn't request any evidence at screening (ECF 8-4), and he doesn't otherwise explain how the lack of more time harmed his ability to present a defense in this case. The claim that Mr. Jones received inadequate notice doesn't provide a basis for habeas relief.

Mr. Jones argues that he is entitled to habeas relief because the hearing officer wasn't an impartial decisionmaker. He says the hearing officer's lack of training and experience with prison disciplinary proceedings affected the hearing decision. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. Id. There is no indication that the hearing officer was involved in the underlying incident. Mr. Jones doesn't explain how a hearing officer's lack of training and experience amounts to bias, nor does he cite any legal authority for this proposition. As a result, the claim of improper bias isn't a basis for habeas relief.

Mr. Jones argues that he is entitled to habeas relief because he didn't receive adequate assistance from a lay advocate. "[D]ue process [does] not require that the prisoner be appointed a lay advocate, unless an illiterate inmate is involved or where

2

the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." Miller v. Duckworth, 963 F.2d 1002, 1004 (7th Cir. 1992). Mr. Jones's filings demonstrate his literacy, and the disciplinary charge wasn't particularly complex. ECF 1; ECF 2; ECF 8-1. Therefore, the argument that Mr. Jones received inadequate assistance from a lay advocate provides no basis for habeas relief.

Mr. Jones further argues that correctional staff violated his right against double jeopardy by punishing him twice for the same offense. According to Mr. Jones, correctional staff punished him once immediately after the assault incident by placing him in a security management cell and a second time when the hearing officer imposed sanctions pursuant to the hearing. "[D]ouble jeopardy protections do not attach in prison disciplinary proceedings." Portee v. Vannatta, 105 F. App'x 855, 858 (7th Cir. 2004); see also Decker v. Bell, 772 F. App'x 339, 341 (7th Cir. 2019); Meeks v. McBride, 81 F.3d 717, 722 (7th Cir. 1996). Additionally, Mr. Jones' placement in a cell designated for security management right after he assaulted a correctional officer implies that he was placed there for purposes of security rather than punishment. The argument that the finding of guilt subjected Mr. Jones to double jeopardy is not a basis for habeas relief.

Mr. Jones doesn't need a certificate of appealability to appeal this decision, he because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). But he can't proceed on appeal without the

3

payment of fees because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Audrain Jones leave to appeal in forma pauperis.

SO ORDERED on March 1, 2023

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT